Birchard, C. J.
The sufficiency of the return to the mandamus depends upon the validity of the order of the Commissioners of Wood county, purporting to change that part of the Free Turnpike lying in Wood county, into a State road.
*186 They claimed authority for the order purporting to effect this chanSe> under the 5th section of the act of February 27, 1846, “an act to authorize County Commissioners of this State to lay out and establish State Roads.” (44. vol. stat. p. 73.) That part of the 5th section which is relied on, reads thus: “The County Commssioners shall have power to change any Free Turnpike road, in their respective counties, into a State road, which shall thereafter be constructed and repaired as other State roads are by law constructed and repaired, any thing in the acts laying out and establishing said Free Turnpike roads to the contrary notwithstanding.” The Commissioners of Wood county have read and acted upon this section of the statute without reference to any other enactment. They have treated it as an independent piece of legislation, entirely complete in and of itself. They have accordingly exercised the power, in a summary way, by resolving that the part of the road lying in the county of Wood, should be a State road. This manner of executing the law will not do. We have only to read the whole act, and reflect a moment upon its subject matter, to detect the error in assuming that such a proceeding was ever contemplated by the legislature. A State road is a road running into two or more counties, and is distinguished by this from a county road, which lies wholly within one county. The first were formerly established by acts of special legislation. The latter by County Commissioners, under general laws.
The act of 27th February, 1846, by its iirst section, confers authority upon the County Commissioners of the several counties to lay out and establish State roads, in the manner provided in the 2d, 3d and 4th sections of the act. Then follows the fifth section, above referred to. From the whole act taken together we find that before the Commissioners can move in establishing a State road, an application must be made to them by petition, signed by at least forty free holders of each of the counties through which it is proposed to establish the road. On receipt of such petition, the board of County Commissioners of each of said counties must appoint one disinterested free *187 holder of their respective counties, as Commissioners to view and survey said road. On the coming in of a report from the Commission, thus created, recommending ' the establishing the State road, the County .Commissioners have the same power to declare whether the same shall or shall not be declared a State road, within their respective counties, that is by law conferred on them in relation to State roads. The fifth section, following the above provisions, refers to them and indicates the course to be pursued in effecting the change of a free turnpike into a State road. Whether or not the change can be effected by pursuing these steps irrespective of ■ the rights vested in the turnpike companies, by their acts of incorporation, is a question not necessary now to be determined. This case is disposed of by a determination of the point already decided. The order of the County Commissioners of Wood, made at their June session, was a mere nullity. It was entered without any sufficient authority, and is void. A peremptory mandamus may issue.- Judgment for costs.